## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIM REESE and AMY REESE, | No. 4:19-CV-01399 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| KEANE GROUP, INC., | |
| Defendant. | |

### ORDER

### APRIL 15, 2020

This case arises out of a warehouse accident and is premised on this Court's diversity jurisdiction. Defendant Keane Group, Inc. moves to dismiss Plaintiffs' request for punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6). Keane contends that Plaintiffs have not pleaded facts sufficient to support a finding that they are entitled to punitive damages.

Punitive damages are proper "when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct."[1] The Reeses plead that Keane's actions were wanton and reckless.[2] This is a factual issue that cannot properly be resolved on this motion to dismiss.[3] I find

---

[1] *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 704 (Pa. 1991).

[2] Compl. ¶ 10, Doc. 1.

[3] *See Mansman v. Tuman*, 970 F. Supp. 389, 403 (E.D. Pa. 1997); *Young v. Westfall*, No. 4:06-CV-2325, 2007 WL 675182, at *2 (M.D. Pa. Mar. 1, 2007) (denying motion to dismiss claim for punitive damages as "premature" where plaintiffs pleaded that defendants acted in a reckless

that the Reeses' allegations are sufficient to satisfy Rule 8(a)'s notice-pleading requirement.

**IT IS HEREBY ORDERED** that Defendant's Motion for Partial Dismissal pursuant to F.R.C.P. 12(b)(6) (Doc. 4) is **DENIED**.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge

---

manner, that their actions were outrageous, and that they acted despite knowing such actions created a high risk of physical harm).